UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHANNON LEA D.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | Case No. 1:24-cv-00453-BLW-DKG<br><br>**ORDER ADOPTING REPORT & RECOMMENDATION** |

# INTRODUCTION

This is a social security case in which the Plaintiff appeals the Commissioner's denial of her application for disability insurance benefits. This matter is before the Court on United States Magistrate Judge Debora K. Grasham's Report & Recommendation (Dkt. 16) and Plaintiff's Objection (Dkt. 17). For the reasons explained below, the Court will overrule the Objection, adopt the Report & Recommendation in its entirety, and affirm the Commissioner's decision.

# BACKGROUND[1]

In March 2024, an Administrative Law Judge (ALJ) denied Plaintiff's

---

[1] The factual and procedural background are detailed more fully in the Report & Recommendation, which the Court adopts in full.

ORDER ADOPTING REPORT & RECOMMENDATION - 1

application for social security disability benefits. In August 2024, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner of Social Security. Plaintiff then filed a petition in this Court, asking the Court to find that she is entitled to benefits or remand the case for "a further hearing." *Compl*, Dkt. 1, at 2. In May 2025, Magistrate Judge Grasham issued her Report & Recommendation, recommending that the Court affirm the Commissioner's decision. Plaintiff objects.

## LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a de novo review. To the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1). In this case, Plaintiff filed objections and the Court has conducted a de novo review of those portions of the Report as well as the record in this matter.

## DISCUSSION

1.  **The ALJ's Step-Three Analysis of Plaintiff's Fibromyalgia**

    In her first objection, Plaintiff she says the Magistrate Judge failed to

recognize that the ALJ erred in evaluating her fibromyalgia at step three of the five-step sequential evaluation.[2] The Court is unpersuaded. The ALJ concluded, at step two, that Plaintiff's fibromyalgia was a "severe" impairment, and then he correctly proceeded to step three, to determine whether one or more of her impairments met or equaled the severity of an impairment listed in Appendix I to Subpart P of the regulations. It was in that context that he appropriately looked to analogical impairments; there was no error in doing so. This issue is thoroughly discussed in the Report & Recommendation, and the Court agrees with the analysis there. Accordingly, Plaintiff's first objection will be overruled.

**2.     The ALJ's Evaluation of Medical Opinion Evidence from Alison Radcliffe, Ph.D.**

---

[2] The familiar five-step process used to determine if a claimant is disabled is as follows:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made based on the claimant's age, education, work experience, and residual functional capacity.

In her second objection, Plaintiff says the Magistrate Judge erred by failing to recognize that the ALJ erred in evaluating the medical opinion of Alison Radcliffe, Ph.D. The Court will overrule this objection as well. As detailed in the Report & Recommendation, the ALJ provided several reasons supporting his findings that Dr. Radcliffe's opinion was unsupported and, therefore, unpersuasive. More broadly, the Court agrees with the Magistrate Judge's analysis, as well as her ultimate conclusion that the ALJ did not commit any error in evaluating Dr. Radcliffe's opinion.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Objections to the Report & Recommendation (Dkt. 17) are **OVERRULED.**

2. The Report & Recommendation (Dkt. 16) is **ADOPTED IN ITS ENTIRETY** as the order of this Court.

4. The Commissioner's decision is **AFFIRMED.**

5. The Court will enter a separate judgment in favor of the Commissioner in accordance with Federal Rule of Civil Procedure 58.



DATED: August 21, 2025

_____
B. Lynn Winmill
U.S. District Court Judge